IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GLENDA KELLEY, | § |
| Plaintiff, | § Civil Action No. |
| v. | § |
| ASHFORD UNIVERSITY, | § **Jury Trial Demanded** |
| Defendant. | § |

# COMPLAINT

GLENDA KELLEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASHFORD UNIVERSITY ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person living in Houston, Texas 77033.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 13500 Evening Creek Drive N #600, San Diego, California 92128.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around June or July 2016 and continuing thereafter, Defendant called Plaintiff on her cellular telephone daily, often multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls would include a pre-recorded voice from Defendant before the calls were transferred to live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. During the summer of 2016, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call her cellular telephone number.

17. Defendant acknowledged Plaintiff's request by responding affirming Plaintiff's request to stop calling by saying OK.

18. Defendant failed to update its systems and ignored Plaintiff's revocation, thereby calling her cellular telephone number daily thereafter through November 2016.

19. After Plaintiff's request to Defendant's representatives to stop calling were ignored, Plaintiff had no other viable option but to block calls from Defendant's phone numbers by downloading a blocking application.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, on and after summer 2016, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, GLENDA KELLEY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.      Any other relief deemed appropriate by this Honorable Court

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GLENDA KELLEY, demands a jury trial in this case.

Respectfully submitted,

DATED: December 2, 2016      By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT